**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **JENNIFER MODICA,** | ) | C/A No.: 2:06-1858-CWH |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **ORDER APPROVING SETTLEMENT** |
| | ) | |
| **WALTERBORO COMMUNITY** | ) | |
| **HOSPITAL, doing business as** | ) | |
| **COLLETON MEDICAL CENTER, LLC.** | ) | |
| **HILDEGARD HOLMAN, M.D.,** | ) | |
| **CAROLINA HEALTH SPECIALISTS,** | ) | |
| **OFFICER CHRIS LOVELACE** | ) | |
| **individually in his capacity** | ) | |
| **as a police officer, and** | ) | |
| **THE CITY OF COTTAGEVILLE.** | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

This matter comes before the Court for approval of a partial settlement of this matter. It appears that the Guardian Ad Litem appointed by this Court on February 1, 2007, the plaintiff and two of the defendants, Officer Chris Lovelace and the City of Cottageville have reached an agreement to settle all claims against these defendants for the lump sum payment of Four Hundred and Fifty Thousand Dollars. This Court has reviewed the Guardian's petition for approval of the settlement pursuant to South Carolina Code § 62-5-433 (Supp. 2006) and finds it appropriate. Further the Court having heard from the parties and their counsel, finds the settlement to be fair and equitable and approves the settlement. The Guardian ad litem is authorized to sign a settlement and release of all claims against these two defendants. The Court discussed the attorney fees and costs with the Guardian Ad Litem and in the presence of the Plaintiff, and the Court is satisfied the Guardian agrees that both are reasonable and appropriate under the

circumstances of this case. Therefore, this Court approves payment of attorney fees in the sum of One Hundred and Eighty Thousand Dollars ($180,000), costs in the amount of Three Thousand Seven Hundred and Eighteen ($3,718) Dollars and payment to Dr. Thomas Martin, a psychiatrist hired to evaluate and treat the Plaintiff, in the amount of Four Thousand Three Hundred and Twenty-Three ($4,323) Dollars. The Court notes that Mr. Fairey has waived any right he may have to statutory fees under 42 U.S.C. § 1988.

The remaining funds from the settlement are to be held in trust by the plaintiff's attorney, W. Gaston Fairey, in his trust account entitled W. Gaston Fairey, LLC Trust Account until such time as a probate judge in the state of South Carolina orders otherwise.

Mr. Fairey has agreed to act as counsel for the conservator action without further attorney fees. Costs for this action shall be paid out of the proceeds of the settlement. Should the probate court determine that the Plaintiff is not in need of a conservator, then the funds are to be transferred to the Plaintiff. Plaintiff's counsel is directed to make such payments from the proceeds of the settlement as are necessary to carry out this order and is specifically authorized to pay the costs of mediation out of the proceeds when the mediator forwards his bill for his services.

And it is so ordered.

_____
C. Weston Houck

Senior United States District Court Judge

August 7, 2007
Charleston, South Carolina